## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT BLANKENSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **PFIZER, INC.; BOEHRINGER** | ) | |
| **INGELHEIM PHARMACEUTICALS,** | ) | **2:06-CV-0648** |
| **INC.; DAVID ROHLING; KMART OF** | ) | |
| **MICHIGAN, INC.; ART REDDING;** | ) | |
| **KELLI STRANGE; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF DEFENDANTS ART REDDING AND KELLI STRANGE

COME NOW the defendants, designated as Art Redding ("Mr. Redding") and

Kelli Strange ("Ms. Strange"), and pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, move this court for an order dismissing plaintiff's complaint for

failure to state a claim upon which relief can be granted.  In support of this motion,

the defendants state as follows:

### INTRODUCTION

Plaintiff Robert Blankenship filed this lawsuit on or about June 20, 2006,

against Pfizer, Inc., Boehringer Ingelheim Pharmaceuticals, Inc., David Rohling,

Kmart of Michigan, Inc., Mr. Redding and Ms. Strange.  Plaintiff claims that in

November 2000, he was diagnosed with Parkinson's Disease and was prescribed Mirapex to treat the tremors associated with that disease. Compl. at ¶ 14. He further claims that shortly after taking Mirapex, he began compulsively gambling and lost virtually all of his savings. *Id.* at ¶ 26. Based on these allegations, plaintiff asserts the following claims against all defendants: a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") (Count One), and claims for negligence (Count Two), wantonness (Count Three), and fraudulent misrepresentation and suppression (Count Four).

Plaintiff makes no allegation that Mr. Redding or Ms. Strange, licensed pharmacists employed by Kmart of Michigan, Inc., failed to fill plaintiff's Mirapex prescriptions accurately or that they filled the prescriptions in any way that was contrary to the instructions of plaintiff's prescribing doctor. Indeed, all of the allegations against Mr. Redding and Ms. Strange are premised upon plaintiff's assertion that they failed to warn him and/or his prescribing physician of an allegedly defective condition. *See* Compl. at Count One, ¶ 28 ("Kmart, Redding and Strange . . . designed, manufactured, sold or otherwise placed into the stream of commerce without adequate warnings or information the drug Mirapex which was unreasonably dangerous by failing to disclose the before mentioned complications"); Count One, ¶ 30 ("Kmart, Redding and Strange . . . failed to warn"); Count Two, ¶ 36 ("Kmart,

Redding and Strange negligently failed to warn"); Count Three, ¶ 41 ("Kmart, Redding and Strange wantonly failed to warn"); Count Four, ¶ 44 ("Kmart, Redding and Strange . . . fraudulently misrepresented the safety of the drug by implying that the drug was safe and fraudulently suppressed evidence concerning the dangers of the drug"). As set forth below, these allegations do not state a claim against Mr. Redding and Ms. Strange as a matter of law.

## ARGUMENT

### I.    IN PROPERLY DISPENSING A PRESCRIPTION DRUG, THE PHARMACIST INCURS NO LIABILITY AS A MATTER OF LAW.

Plaintiff attempts to assert failure-to-warn claims against Mr. Redding and Ms. Strange arising from their alleged dispensation of Mirapex to plaintiff. Plaintiff makes no allegation that Mr. Redding or Ms. Strange improperly filled any Mirapex prescriptions. Under settled Alabama law, when a pharmacist dispenses a prescription drug in accordance with the instructions of the prescribing physician, the pharmacist incurs no liability as a matter of law.

In *Walls v. Alpharma USPD*, 887 So. 2d 881 (Ala. 2004), the Alabama Supreme Court addressed this precise issue on certified questions from the Northern District of Alabama. The exact questions posed to the Supreme Court were as follows:

"A. Does a pharmacist have a duty to warn of foreseeable injuries from the use of the prescription drug he/she is dispensing under AEMLD [Alabama Extended Manufacturer's Liability Doctrine], common-law negligence or other Alabama law?

B.  If so, is the duty to provide adequate warnings limited to possible injuries to the pharmacy's customer or does it extend to third-parties whose injuries are reasonably foreseeable at the time the prescription is filled?"

*Walls*, 887 So. 2d at 882 (quoting the federal court).

In responding "no" to these certified questions, the Supreme Court of Alabama recognized the continued viability of Alabama's learned intermediary doctrine.  The Court also surveyed persuasive authority from other jurisdictions on the pharmacists' liability.  In language equally applicable here, the *Walls* Court concluded:

[W]e hold as follows.  **The learned-intermediary doctrine forecloses any duty upon a pharmacist filling a physician's prescription, valid and regular on its fact, to warn the physician's patient, the pharmacist's customer, or any other ultimate consumer of the risks or potential side effects of the prescribed medication** except insofar as the prescription orders, or an applicable statute or regulation expressly requires, that an instruction or warning be included on the label of the dispensed medication or be otherwise delivered.  To the extent that the learned-intermediary doctrine applies, foreseeability of injury is eliminated as a basis for liability upon the pharmacist.  To the extent that the learned-intermediary doctrine applies, the duty to determine whether the medication as prescribed is dangerously defective is owed by the prescribing physician and not by the pharmacist filling the prescription.  Any question of what persons are due the duty owed by the prescribing physician is not before us.  Accordingly, both questions certified to us are answered in the negative.

4

*Walls*, 887 So. 2d at 886 (emphasis added). Based on *Walls,* plaintiff's complaint fails to state a claim for which relief can be granted.

Other Alabama courts have reached the same conclusion, dismissing defendant pharmacies in medical products liability cases such as this.[1]  For example, in *Lansdell v. American Home Products Corp.*, 1999 WL 33548541 (N.D. Ala. Oct. 26, 1999), the Court found that the learned intermediary doctrine barred plaintiffs' claims against the defendant pharmacy.  As here, the plaintiffs in *Lansdell* asserted a claim under the AEMLD and alleged that the pharmacy negligently and/or wantonly failed to warn of the dangers of the drugs.  *Lansdell*, 1999 WL 33548541 at * 3.  The plaintiffs in *Lansdell* — like plaintiff here — did not allege that the pharmacy dispensed the medication without authorization or in a manner inconsistent with the prescription.  *Id.* at *6.   The Court found that where a pharmacy was acting in accordance with a licensed physician's valid prescription, the pharmacy is protected under Alabama law by the learned intermediary doctrine; thus, the pharmacy was

---

[1] *See, eg.*, Order of July 30, 1999 in *Sandra Lacy v. Wyeth-Ayerst Laboratories*, Case No. CV-98-129-J, Circuit Court of Marshall County, Alabama (Honorable Tim Jolley ruled the same and dismissed the pharmacy defendant on its Rule 12(b)(6) motion) (copy of order attached hereto as Appendix 1); Order of August 2, 1999, in *Julie Orr v. Wyeth-Ayerst Laboratories, et al.*, CV-98-3000-Diet, Circuit Court of Mobile County, Alabama (Honorable Joseph Johnston dismissed the pharmacy defendants in over one hundred and fifty (150) diet drug cases consolidated in that court (copy of order attached hereto as Appendix 2)); Order of June 4, 1998, in *Mary Ellen Moon v. Wyeth-Ayerst Laboratories, Inc., et al.*, United States District Court, Northern District of Alabama, Civil Action No. CV-98-PT-734-E (Judge Propst dismisses pharmacy) (copy of order attached hereto as Appendix 3).

fraudulently joined and due to be dismissed. *Id.; see also Sanks v. Parke-Davis,* 2000

WL 33910097 (M.D. Ala. 2000) (finding that a pharmacy that correctly fills a

prescription in accordance with the prescribing doctor's directions is protected by the

learned intermediary doctrine and is not required to warn of potential adverse events).

Thus, plaintiff has failed to state a claim against Mr. Redding or Ms. Strange.

## II.    ADDITIONALLY, PLAINTIFF STATES NO CAUSE OF ACTION AGAINST MS. STRANGE UNDER THE ALABAMA MEDICAL LIABILITY ACT.

Pharmacists are "healthcare providers" as that term is used in the Ala. Code §

6-5-542 (1987); *Ex parte Rite Aid of Alabama, Inc.*, 768 So.2d 960, 962 (Ala. 2000);

*Cackowski v. Walmart*, 767 So.2d 319, 324 (Ala. 2000).  The Alabama Medical

Liability Act ("AMLA") subsumes all claims against a "healthcare provider" arising

in the course of the healthcare relationship, including all contract, tort, and products

liability claims.  Ala. Code § 6-5-542 (1987); *Allred v. Shirley*, 598 So.2d 1346 (Ala.

1992); *Mobile Infirmary v. Delchamps*, 642 So.2d 954 (Ala. 1994).  The only cause

of action available to a plaintiff under the AMLA is for breach of the standard of care.

Ala. Code § 6-5-542(2) (1987).

As a healthcare provider under the AMLA, Mr. Redding and Ms. Strange are

entitled to the protection of the AMLA's stringent pleading requirements:

In any action for injury, damages, or wrongful death, whether in contract

or in tort, against a healthcare provider for breach of the standard of care the plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the healthcare provider liable to plaintiff. … Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief can be granted.

Alabama Code § 6-5-551 (1987).  Plaintiff has failed to allege any breach of any standard of care by Mr. Redding or Ms. Strange and fails to offer any evidence of any breach, as required by the AMLA.  On its face, the complaint makes no legally cognizable claim against Mr. Redding or Ms. Strange.  Thus, for this additional reason as well, plaintiff has failed to state a claim against Mr. Redding or Ms. Strange.

## III.  PLAINTIFF CANNOT SHOW ANY CAUSAL RELATIONSHIP BETWEEN MS. STRANGE'S CONDUCT AND THE DEFECTS OF WHICH PLAINTIFF COMPLAINS.

Finally, plaintiff's claims against Mr. Redding and Ms. Strange fail as a matter of law because he cannot show any causal relationship between their conduct and the defects of which plaintiff complains.  Mr. Redding and Ms. Strange did not develop, test or manufacture the Mirapex, did not compound the Mirapex in anyway, had no knowledge of any alleged defective condition of Mirapex, and did not contribute to the alleged defect.  *See* Affidavits of Mr. Redding and Ms. Strange, attached as Exhibits A and B to the Notice of Removal previously filed.  As a result, they are due

to be dismissed from this action. *See Fleming Farms v. Dixie AG Supply, Inc.*, 631 So. 2d 922, 928 (Ala. 1994) (affirming summary judgment for distributor on AEMLD claim where distributor received product from manufacturer in a sealed container, received the product in its already defective condition and did not contribute to the defect, had no knowledge of the defective condition, and had no opportunity to inspect the product that was greater than that of the consumer's); *Atkins v. American Motors Corp.*, 335 So. 2d 134, 143 (Ala. 1976) (lack of causal relation defense is available to a distributor of finished products who received the product from the manufacturer without contributing to its defective, if any, condition, did not contribute to the defective condition, and had no opportunity to inspect the product which was superior to that of the plaintiff consumer's); *Kirkland v. Great Atlantic & Pacific Tea Co.*, 233 Ala. 404, 171 So. 735, 737 (Ala. 1936) (retail grocer had no liability for alleged poison in flour he sold where retailer purchased flour from reputable manufacturer or dealer and the imperfections were not readily ascertainable); *see also Phillip Wiggins v. American Home Products Corp.*, United States Court of Appeals for the Eleventh Circuit, No. 02-10528, slip op. (11th Cir. May 29, 2002) (affirming district court's denial of remand and dismissal of claims against resident pharmacy; district court found no causal relationship between pharmacy's sale of product and plaintiffs' injuries) (copy of orders attached hereto

as Appendix H); *Evelyn Johnson v. General Motors Corp.*, 82 F. Supp.2d 1326,

1327-28 (S.D. Ala. 1997) (citing the closed container doctrine, court grants summary

judgment to an automobile dealer on plaintiff's claims regarding an alleged defective

seatbelt system where no evidence was presented that the dealer had an opportunity

to inspect and discover the alleged defect that was superior to that of the plaintiff);

*Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213 (S.D. Ala.

1998) (cigarette distributors were improperly joined as defendants where plaintiffs

did not provide evidence that distributors had superior knowledge regarding defective

nature of cigarettes); *Judy A. Brock v. Baxter Healthcare Corp., et al.*, 96 F.Supp.2d

1352 (S.D. Ala. 2000) (dismissing the distributor of latex gloves because the

distributor could not be held liable for plaintiff's injuries due to a lack of causal

relationship between the distributor's actions and the plaintiff's injuries).

## CONCLUSION

For the foregoing reasons, plaintiff has not stated a claim under Alabama law.

Plaintiff's claims against Mr. Redding and Ms. Strange are due to be dismissed.

> s\Philip F. Hutcheson
> Philip F. Hutcheson (ASB-0256-H54P)
> E-mail: *phutcheson@boardmancarr.com*
>
> Mark S. Boardman (ASB-8572-B65M)
> E-mail: *mboardman@boardmancarr.com*

BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 21, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Gregory Allen, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36104

L. Shane Seaborn, Esq.
PENN & SEABORN, LLC
Post Office Box 688
Clayton, Alabama 36016

F.M. "Tripp" Haston, III, Esq.
Andrew B. Johnson, Esq.
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

Maibeth J. Porter, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203-2602

s\Philip F. Hutcheson
Of Counsel