IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT BLANKENSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL ACTION NO. |
| | ) |
| | ) 2:06 CV 648 |
| PFIZER, INC.; BOEHRINGER | ) |
| INGELHEIM PHARMACEUTICALS, INC.; | ) |
| DAVID ROHLING; KMART OF | ) |
| MICHIGAN, INC.; ART REDDING; | ) |
| KELLI STRANGE, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DAVID ROHLING'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM**

COMES NOW David Rohling ("Rohling"), one of the defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this court for an order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted. In support of this motion, Rohling states as follows:

**INTRODUCTION**

Plaintiff Robert Blankenship filed this lawsuit on or about June 20, 2006, against Pfizer, Inc., Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), David Rohling, Kmart of Michigan, Inc.,[1] Kelli Strange and Mr. Redding. Plaintiff claims that in November 2000, he was diagnosed with Parkinson's Disease and was prescribed Mirapex to treat the tremors associated with that disease. Compl. at ¶ 14. He further claims that shortly after taking Mirapex, he began

---
[1] Kmart of Michigan, Inc. was voluntarily dismissed by plaintiff, without prejudice, on July 13, 2006.

{01363349.1}

compulsively gambling and lost virtually all of his savings. *Id.* at ¶ 26. Based on these allegations, plaintiff asserts the following claims against all defendants: a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") (Count One), and claims for negligence (Count Two), wantonness (Count Three), and fraudulent misrepresentation and suppression (Count Four).

Plaintiff cannot maintain any of these claims against Rohling. The crux of plaintiff's allegations is that Rohling failed to warn plaintiff and his physician about the alleged association between Mirapex® and compulsive behaviors. Rohling's only connection to this case is that he is a sales representative employed by BIPI. *See Rohling Aff., ¶¶ 2-3.* His role as a BIPI sales representative, however, does not create a basis for the imposition of liability against him under any of the theories pleaded by plaintiff.

## ARGUMENT

### I.  Plaintiff Cannot Maintain a Claim Against Rohling Under the AEMLD

The first claim alleged by plaintiff is based on a failure to warn theory pursuant to the AEMLD. Plaintiff, however, cannot maintain such a claim because Rohling, who did not sell or supply Mirapex®, is not a "seller" under the AEMLD. *Bloodsworth v. Smith & Nephew*, Civil Action No. 2:05CV 622-D, 2005 WL 3470337, at *7(M.D. Ala. Dec. 19, 2005) (finding that a sales representative was not a "seller" within the meaning of the AEMLD); *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 288 (S.D.N.Y. 2001) (applying Alabama law) (pharmaceutical sales representatives are not sellers or suppliers of the prescription drugs they detail); *Devise v. Kenmore*, CV 03-J-943-S at 2 (N.D. Ala. May 12, 2003) (sales representative at Sears is not a seller under the AEMLD) (Notice of Removal at Exhibit E); *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip Op. at 8 (S.D. Ala. Sept. 3, 1996) (retail store manager is not a

"seller", "neither the applicable case law nor the policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier].") (Notice of Removal at Exhibit F).

Moreover, Rohling did not even detail Mirapex® to plaintiff's physician until years after plaintiff had begun taking Mirapex®. In his Complaint, plaintiff alleges that he ingested Mirapex® beginning in 2000 and shortly thereafter began compulsively gambling. *Complaint*, ¶¶ *14, 26*. As set forth in his Affidavit, Rohling did not detail Mirapex® to plaintiff's physician, Dr. Alan Prince, until years later beginning in September 2003. *Rohling Aff.,* ¶ *12*.

Rohling made no misrepresentations concerning the safety or efficacy of Mirapex during his dealings with Dr. Prince or any other physicians. *Rohling Aff.,* ¶¶ *11-12*. All of Rohling's knowledge about Mirapex, including the FDA-approved prescribing information, package inserts and other information was provided to him by BIPI. *Rohling Aff.,* ¶¶ *7-8*. As a sales representative, Rohling was not expected to and did not conduct independent research regarding Mirapex. *Rohling Aff.,* ¶ *10*. Accordingly, plaintiff cannot maintain a claim against Rohling under the AEMLD.

II.   **Plaintiff Cannot Maintain Claims Against Rohling for Negligence or Wantonness**

Plaintiff also cannot maintain a claim against Rohling for negligence or wantonness. Under the learned intermediary doctrine, any duty to warn would be owed to plaintiff's prescribing physician and is owed by the pharmaceutical company, not its sales representative. *Southern v. Pfizer, Inc.*, Civil Action No. 2:06-CV-836-VEH at *17 (N.D. Ala. June 23, 2006). For a sales representative to be "personally liable for the negligent acts of the corporation, 'there must have been upon his part such a breach of duty as contributed to, or helped bring about, the injury; that is to say, he must be a participant in the wrongful act.'" *Legg*, 428 F.3d at 1324. In

other words, the sales representative must have "personally participate[d] in the tort." *Turner v. Hayes*, 719 So.2d 1184, 1188 (Ala. Civ. App. 1997).

To the extent any duty to warn was owed to plaintiff's prescribing physician in this case, that duty was owed by BIPI and/or Pfizer, not Rohling. *Southern*, Civil Action No. 2:06-CV-836-VEH at *16. There is also no evidence that Rohling personally participated in any acts that would subject him to potential liability under a negligent or wanton failure to warn theory. Rohling has never spoken to plaintiff; had never spoken to plaintiff's prescribing physician concerning the safety or efficacy of Mirapex® prior to the time plaintiff began taking Mirapex® and made no misrepresentations to Dr. Prince concerning Mirapex®. *Rohling Aff.*, ¶¶ 4, 12. Further, Rohling did not participate in the manufacture, development or testing of Mirapex®, and neither had any control over, or involvement with the development or preparation of the prescribing information for Mirapex®, including the written warnings. *Rohling Aff.*, ¶¶ 6, 9. As such, Rohling did not personally participate in any alleged tort and plaintiff cannot maintain a claim against him under Alabama negligence law or even the more heightened standard for wantonness. *Ammons v. Tesker Manufacturing Corp.*, 853 So.2d 210, 213 (Ala. 2002).

### III.    Plaintiff Cannot Maintain A Claim Against Rohling for Fraud

The Fourth and final Count of plaintiff's claims against Rohling alleges fraud. This claim also fails. A claim of fraud requires proof of: (1) a false representation; (2) concerning a material fact; (3) relied upon by the plaintiff; and (4) who was damaged as a proximate result. *Fisher v. Comer Plantation*, 772 So.2d 455, 463 (Ala. 2000). Before a fraud claim may arise, the defendant must have owed the plaintiff a duty to disclose. *Nesbitt v. Frederick*, 2006 WL 1195872, *4 (Ala. 2006). In addition, absent a demonstration of bad faith, a plaintiff may not maintain a fraud claim against a pharmaceutical sales representative. *Bloodsworth*, 2005 WL

3470337 at *8. "[T]hose who are only conduits through which faulty information is supplied by one person to a third parson cannot be held liable for fraud unless they acted in bad faith."[2] *Legg*, 428 F.3d at 1324.

As set forth by the court in *Southern*, it is the pharmaceutical company, not the sales representative that owes the plaintiff a duty to disclose. *Southern*, Civil Action No. 2:06-CV-836-VEH at *16. Accordingly, Rohling owed plaintiff no duty to disclose. Moreover, plaintiff has not presented any evidence of bad faith against Rohling, and in light of Rohling's Affidavit, it is apparent why he has not done so – there is no such evidence. Rohling made no misrepresentations concerning Mirapex® to Dr. Prince. Accordingly, there is no basis for imposing liability on defendant Rohling based on a claim of fraud.[3]

Finally, plaintiff also cannot prevail on a fraud claim because he has failed to plead fraud with particularity. *Compare* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity), *with* Ala. R. Civ. P. 9(b), Comment (stating that the Alabama Rule is identical to the federal rule).

## CONCLUSION

For the foregoing reasons, plaintiff has not stated a claim under Alabama law and the claims against Mr. Rohling are due to be dismissed.

---

[2] Moreover, Alabama law is clear that in order to be liable for failure to disclose, an individual has to have had actual knowledge of the alleged danger and its materiality in order to be held liable. *Hardy v. Blue Cross & Blue Shield*, 585 So.2d 39, 32 (Ala. 1991) (citing Cherokee Farms, Inc. v. Firemen's Fund Ins. Co., 526 So.2d 871 (Ala.1988); Wilson v. Brown, 496 So.2d 756 (Ala.1986); Harrell v. Dodson, 398 So.2d 272 (Ala.1981)). *See also University Federal Credit Union v. Grayson*, 2003 WL 22221231 at *5 (Ala. 2003) (same). Here, Rohling's Affidavit makes clear that he did not even call on Dr. Prince until years after plaintiff had begun taking the medication.

[3] To the extent that plaintiff's fraud claim is that Rohling misrepresented that Mirapex was safe and effective, the FDA determined that the drug was safe and effective in allowing it to be put on the market; this FDA finding cannot rise to the level of puffery, much less fraud.

/s/ Maibeth J. Porter
Maibeth J. Porter
Alvin L. ("Peck") Fox
Edward A. ("Ted") Hosp

Attorneys for Defendant David Rohling

OF COUNSEL:

MAYNARD, COOPER & GALE
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203-2602
Telephone Number: (205) 254-1000

Beth S. Rose, Esq.
Stuart M. Feinblatt, Esq.
Jennifer Ewers Hurley, Esq.
SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record to this proceeding by United States Mail, properly addressed and postage prepaid, or as indicated below, this 20th day of July, 2006:

F.M "Tripp" Haston, III
Andrew B. Johnson
Bradley Arant Rose & White LLP
One Federal Place
1819 5th Ave. North
Birmingham, AL 35203

Philip F. Hutcheson
Boardman, Carr, Weed & Hutcheson, P.C.
400 Boardman Dr.
Chelsea, AL 35043-8211

J. Gregory Allen
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160

L. Shane Seaborn
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL 36016-0688

_____
OF COUNSEL