IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUL 20 P 2: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROBERT BLANKENSHIP,                  )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )        CIVIL ACTION NO.
PFIZER, INC., BOEHRINGER             )        2:06 cv 648 -
INGELHEIM PHARMACEUTICALS,           )
INC., DAVID ROHLING, KMART OF        )        ANSWER AND DEFENSE OF
MICHIGAN, INC., ART REDDING,         )        BOEHRINGER INGELHEIM
KELLI STRANGE, et al.,               )        PHARMACEUTICALS, INC. TO
                                     )        PLAINTIFF'S COMPLAINT;
        Defendants.                  )        AND REQUEST FOR JURY
                                              TRIAL

     Defendant, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), for its Answer to

Plaintiffs' Complaint ("Plaintiff's Complaint"), states as follows:

## Statement of the Parties

     1.    BIPI is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 1 of plaintiff's Complaint relating to plaintiff's

residence or age and therefore leaves plaintiff to his proofs.

     2.    The allegations contained in Paragraph 2 of plaintiff's Complaint do not relate to

and are not directed at BIPI; therefore no response is required.

     3.    BIPI admits that it is a corporation organized under the laws of the state of

Delaware, and admits that it is authorized to do business in Alabama. BIPI further admits that it

is involved in marketing and distributing Mirapex. Without knowing the specific time period to

which paragraph 3 is directed, BIPI is without knowledge sufficient to form a belief as to

whether BIPI was doing business through an agent in Barbour County, Alabama during that time.

     4.    The allegations contained in Paragraph 4 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     5.    The allegations contained in Paragraph 5 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     6.    The allegations contained in Paragraph 6 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     7.    The allegations contained in Paragraph 7 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     8.    The allegations contained in Paragraph 8 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     9.    The allegations contained in Paragraph 9 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     10.    The allegations contained in Paragraph 10 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     11.    The allegations contained in Paragraph 11 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

     12.    The allegations contained in Paragraph 12 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

2

13.     The allegations contained in Paragraph 13 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

## Statement of the Facts

14.     BIPI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of plaintiff's Complaint and therefore must deny the same.

15.     BIPI denies the allegations contained in paragraph 15, except that BIPI admits that Mirapex is the trade name for Pramipexole dihydrochloride and admits that Mirapex is indicated for the treatment of the signs and symptoms of idiopathic Parkinson's Disease.

16.     BIPI denies the allegations contained in Paragraph 16, except BIPI admits that it advertised and marketed Mirapex as a safe and effective medication for Parkinson's Disease treatment.

17.     BIPI admits that Mirapex is within the class of drugs known as dopamine agonists.     BIPI further states that the characteristics of Parkinson's Disease and the pharmacologic effects of dopamine agonists are described in the peer reviewed medical literature.

18.     BIPI denies the allegations contained in Paragraph 18.

19.     BIPI denies the allegations contained in Paragraph 19, except BIPI admits that it published materials used to market Mirapex to physicians.

20.     BIPI denies the allegations contained in Paragraph 20.

01361940.1

21.    BIPI denies the allegations contained in Paragraph 21.

22.    BIPI denies the allegations contained in Paragraph 22.

23.    BIPI denies the allegations contained in Paragraph 23.

24.    BIPI denies the  allegations contained in Paragraph 24.

25.    BIPI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of plaintiff's Complaint and therefore must deny the same.

26.    BIPI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of plaintiff's Complaint and therefore must deny the same.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine [AEMLD])

27.    BIPI incorporates by reference its responses to the above paragraphs as though fully set forth herein.

28.    BIPI denies the allegations contained in Paragraph 28.

29.    BIPI denies the allegations contained in Paragraph 29.

30.    BIPI denies the allegations contained in Paragraph 30.

31.    BIPI denies the allegations contained in Paragraph 31.

4

01361940.1

32.     BIPI denies the allegations contained in Paragraph 32.

In response to the unnumbered paragraph beginning "WHEREFORE, …" BIPI denies that plaintiff is entitled to any relief whatsoever.

## COUNT TWO
### (Negligence)

33.     BIPI incorporates by reference its responses to the above paragraphs as though fully set forth herein.

34.     BIPI denies the allegations contained in Paragraph 34.

35.     The allegations contained in Paragraph 35 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

36.     The allegations contained in Paragraph 36 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

37.     BIPI denies the allegations contained in Paragraph 37.

In response to the unnumbered paragraph beginning "WHEREFORE, …" BIPI denies that plaintiff is entitled to any relief whatsoever.

## COUNT THREE
### (Wantonness)

38.     BIPI incorporates by reference its responses to the above paragraphs as though fully set forth herein.

01361940.1

39.    BIPI denies the allegations contained in Paragraph 39.

40.    The allegations contained in Paragraph 40 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

41.    The allegations contained in Paragraph 41 of plaintiff's Complaint do not relate to and are not directed at BIPI; therefore no response is required.

42.    BIPI denies the allegations contained in Paragraph 42.

In response to the unnumbered paragraph beginning "WHEREFORE, …" BIPI denies that plaintiff is entitled to any relief whatsoever.

## COUNT FOUR
### (Fraud)

43.    BIPI incorporates by reference its responses to the above paragraphs as though fully set forth herein.

44.    BIPI denies the allegations contained in Paragraph 44.

45.    BIPI denies the allegations contained in Paragraph 45, which state legal conclusions.  To the extent that any response is required, BIPI states that it complied with its legal obligations.

46.    BIPI denies the allegations contained in Paragraph 46, which state legal conclusions.  To the extent that any response is required, BIPI states that it complied with its legal obligations.

01361940.1

47.     BIPI denies the allegations contained in Paragraph 47.

48.     BIPI denies the allegations contained in Paragraph 48.

In response to the unnumbered paragraph beginning "WHEREFORE, …" BIPI denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

49.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

50.     Plaintiff's claims are pre-empted in whole or in part by the Federal Food, Drug & Cosmetic Act, the supremacy clause of Article VI of the United States Constitution, and/or federal and/or state laws and regulations governing the labeling, advertising, and sale of prescription pharmaceutical products.

01361940.1

### THIRD SEPARATE DEFENSE

51.     Plaintiff's claims are barred, in whole or in part, by the defenses set forth in comment k of the Restatement (Second) of Torts §402A and/or similar provisions of the Restatement (Third) of Torts including but not limited to §6 thereof.

### FOURTH SEPARATE DEFENSE

52.     Plaintiff's claims are barred, in whole or in part, by the defenses set forth in comment j of the Restatement (Second) of Torts §402A and/or similar provisions of the Restatement (Third) of Torts including but not limited to §6 thereof.

### FIFTH SEPARATE DEFENSE

53.     Plaintiff's alleged injuries or damages, if any, were caused, in whole or in part, by the operation of nature or an act of God and are not the result of any act or omission of BIPI.

### SIXTH SEPARATE DEFENSE

54.     Plaintiff may not recover from BIPI because plaintiff's claims are premised on unreliable, unproven, and unsupported scientific theories subject to substantial debate and disagreement within the scientific and medical communities.

### SEVENTH SEPARATE DEFENSE

55.     Some or all of plaintiff's alleged injuries were caused or aggravated by plaintiff's pre-existing medical or psychological condition or exposure to other substances utilized throughout his lifetime, or plaintiff's unusual susceptibility to injury.

8

## EIGHTH AFFIRMATIVE DEFENSE

56.    BIPI provided complete and adequate warnings concerning Mirapex to plaintiff's prescribing physicians. Therefore, any claims by plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

## NINTH SEPARATE DEFENSE

57.    Plaintiff's alleged damages and injuries were directly and proximately caused by the superseding intervening acts and conduct of others over whom BIPI had no control, thereby precluding plaintiff from any recovery from BIPI.

## TENTH SEPARATE DEFENSE

58.    Plaintiff had full knowledge of the risks and possible adverse effects pertaining to the use of the prescription medical product described in the Complaint, and all or part of the alleged injuries, damages, and/or losses, if any, sustained by plaintiff arose from and were caused by risks of which the plaintiff was so aware, and such risks were accepted and assumed by the plaintiff, and for that reason any recovery against BIPI should be diminished, reduced, offset, or barred in accordance with the principles of assumption of risk and/or informed consent.

## ELEVENTH SEPARATE DEFENSE

59.    The alleged injuries and damages sustained by plaintiff were the result of plaintiff's own negligence and/or contributory negligence and, accordingly, plaintiff is barred from recovery or limited to recovery.

## TWELFTH SEPARATE DEFENSE

60.    Plaintiff's claims for breach of warranty are barred by BIPI's disclaimers of warranties and limitations of remedies.

01361940.1

## THIRTEENTH SEPARATE DEFENSE

61.    Plaintiff's claims for breach of warranty are barred by lack of privity of contract between plaintiff and BIPI, and/or the disclaimer of warranties and limitations of remedies, and/or the failure of the plaintiff to provide BIPI with notice of an alleged breach.

## FOURTEENTH SEPARATE DEFENSE

62.    Any product manufactured and/or sold and/or distributed by BIPI which was or may have been furnished to plaintiff was subjected to a substantial change in its condition after it left the control of BIPI.  It is further averred that this change was unforeseeable.

## FIFTEENTH SEPARATE DEFENSE

63.    Any product manufactured and/or sold and/or distributed by BIPI which was or may have been furnished to plaintiff, was furnished with adequate and appropriate warnings.

## SIXTEENTH SEPARATE DEFENSE

64.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## SEVENTEENTH SEPARATE DEFENSE

65.    Plaintiff's claims are barred, in whole or in part, because there is no private right of action under the Federal Food, Drug & Cosmetic Act.

## EIGHTEENTH SEPARATE DEFENSE

66.    BIPI violated no duty or obligation owed to plaintiff.

01361940.1

## TWENTIETH SEPARATE DEFENSE

67.     Plaintiff's alleged injuries and damages were not caused by any product manufactured, distributed, or sold by BIPI but by some other product, process, occurrence, event, or service over which BIPI exercised no control or right of control.

## TWENTY-FIRST SEPARATE DEFENSE

68.     Plaintiff is barred from recovery because the prescription medical product alleged to have caused plaintiff's injuries was altered from its original condition and/or combined with other prescription products or other products after leaving BIPI's control.

## TWENTY-SECOND SEPARATE DEFENSE

69.     Plaintiff failed to mitigate his damages, if any, and, as a result, any recovery against BIPI should be barred, reduced, or offset accordingly.

## TWENTY-THIRD SEPARATE DEFENSE

70.     Any alleged danger associated with the use of the prescription medical product that caused plaintiff's alleged injuries was open and obvious and plaintiff is therefore barred from recovery.

## TWENTY-FOURTH SEPARATE DEFENSE

71.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches, waiver and/or estoppel.

11

01361940.1

## TWENTY-FIFTH SEPARATE DEFENSE

72.    Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources and must be offset by those sources.

## TWENTY-SIXTH SEPARATE DEFENSE

73.    BIPI is entitled to the benefit of all defenses and presumptions contained in, or arising from, any product liability act and/or Uniform Commercial Code enacted by the state whose substantive law controls in this action.

## TWENTY-SEVENTH SEPARATE DEFENSE

74.    If any product manufactured, distributed, or sold by BIPI caused plaintiff's alleged injuries, then such harm and/or damage was the sole proximate result of misuse, modification, and/or abuse of the product in a manner neither intended nor foreseen by BIPI.

## TWENTY-EIGHTH SEPARATE DEFENSE

75.    Any and all warnings and information pertaining to products designed, manufactured and/or distributed and/or sold by BIPI were at all times relevant to the Complaint in conformity with governmental requirements mandating the content and distribution of such warnings and information.

## TWENTY-NINTH SEPARATE DEFENSE

76.    Any product manufactured, labeled, or distributed by BIPI complied with all applicable industry and governmental standards and regulations and reflected the current state of the art at the time they were manufactured.

01361940.1

## THIRTIETH SEPARATE DEFENSE

77.    The product of which plaintiff complains has certain unavoidable, inherent characteristics which cannot be obviated under the state of scientific knowledge existing at the time such product was manufactured.  If plaintiff had sustained any injuries as a result of the use of or exposure to the product at issue, those injuries were the result of properties necessarily associated with the product that were unavoidable and for which BIPI cannot be held responsible.

## THIRTY-FIRST SEPARATE DEFENSE

78.    The product of which plaintiff complains has certain unavoidable, inherent characteristics.  While denying that such characteristics are dangerous or defective, under the state of scientific knowledge at the time such product was manufactured, a practical and technically feasible alternative design that would have prevented the alleged harm was not available without substantially impairing the usefulness or intended purpose of the product. Consequently, BIPI did not act unreasonably in introducing the product into trade or commerce.

## THIRTY-SECOND SEPARATE DEFENSE

79.    Plaintiff has failed to join parties in whose absence complete relief cannot be afforded.

## THIRTY-THIRD SEPARATE DEFENSE

80.    If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to the alleged injuries; and therefore, any action of the part of BIPI was not the proximate and/or competent producing cause of the alleged injuries.

01361940.1

## THIRTY-FOURTH SEPARATE DEFENSE

81.    Plaintiff's exposure, if any, to any product for which BIPI may be legally responsible was de minimis, so that BIPI's product, if any, was not a substantial contributing factor to any condition for which plaintiff seeks recovery in this action.

## THIRTY-FIFTH SEPARATE DEFENSE

82.    This Court lacks personal jurisdiction over BIPI.

## THIRTY-SIXTH SEPARATE DEFENSE

83.    Venue is improper and/or would be more convenient in another court.

## THIRTY-SEVENTH SEPARATE DEFENSE

84.    Plaintiff's complaint should be dismissed on grounds of forum non conveniens.

## THIRTY-EIGHTH SEPARATE DEFENSE

85.    BIPI's products and/or actions were neither the cause in fact nor the proximate cause of plaintiff's injury, if any.

## THIRTY-NINTH SEPARATE DEFENSE

86.    BIPI made no representations which induced, or otherwise were a factor in causing plaintiff to purchase or use any product manufactured or supplied by BIPI.

## FORTIETH SEPARATE DEFENSE

87.    Plaintiff has failed to plead fraud or other intentional misconduct with sufficient particularity.

14

## FORTY-FIRST SEPARATE DEFENSE

88.    Plaintiff's alleged gambling losses are due to factors other than the alleged ingestion of Mirapex including chance, luck and other characteristics inherent in gambling activities.

## FORTY-SECOND SEPARATE DEFENSE

89.    Plaintiff's effort to attribute his gambling losses solely to ingestion of Mirapex is inherently speculative and unsupportable by admissible evidence.

## FORTY-THIRD SEPARATE DEFENSE

90.    Plaintiff's effort to recover for gambling losses is void as against public policy.

## FORTY-FOURTH SEPARATE DEFENSE

91.    BIPI incorporates by reference the affirmative defenses set forth by any other defendant in this action to the extent consistent with BIPI's Answer as though fully set forth herein, and BIPI hereby gives notice of its intention to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert such defenses.

## FORTY-FIFTH SEPARATE DEFENSE

92.    To the extent not incorporated above, Defendant raises all affirmative defenses available under the law of the forum in which the alleged cause of action arose.

## FORTY-SIXTH SEPARATE DEFENSE

93.    The conduct of BIPI and all activities with respect to the subject product have been and are under the supervision of the FDA.  Accordingly, this action, including any claims

01361940.1

for monetary and/or injunctive relief, is barred by the doctrine of primary jurisdiction and exhaustion of administrative remedies.

## FORTY-SEVENTH SEPARATE DEFENSE

94.    The claims asserted in the plaintiff's Complaint are barred, in whole or in part, because the utility of Mirapex outweighs the alleged risk.

## FORTY-EIGHTH SEPARATE DEFENSE

95.    The claims asserted in plaintiff's Complaint are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the product, were not false or misleading, and therefore constitute protected commercial speech under the applicable provisions of the Constitution of the United States.

## FORTY-NINTH SEPARATE DEFENSE

96.    The claims asserted in plaintiff's Complaint are barred, in whole or in part, because the product provides net benefits for a class of patients within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## FIFTIETH SEPARATE DEFENSE

97.    Plaintiff's claims are barred because, based on the state of scientific, medical and technical knowledge at the time Mirapex was marketed, Mirapex was reasonably safe for its normal and foreseeable use.

## FIFTY-FIRST SEPARATE DEFENSE

98.    The Complaint's prayers for damages are barred because plaintiff's damages, if any, are speculative, uncertain, and incapable of being ascertained.

01361940.1

## FIFTY-SECOND SEPARATE DEFENSE

99.     BIPI denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of BIPI, or at the instruction or subject to the control of BIPI with regard to any of the actions described in the Complaint; thus, BIPI is not liable for any acts or omissions of such third parties as a matter of law.

## FIFTY-THIRD SEPARATE DEFENSE

100.    BIPI avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## FIFTY-FOURTH SEPARATE DEFENSE

101.    An award of mental anguish or emotional distress damages in this case will violate BIPI's Due Process and Equal Protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## FIFTY-FIFTH SEPARATE DEFENSE

102.    To award plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages.  As such, BIPI avers that such an award in this case would violate the safeguards provided to BIPI under both the Alabama Constitution and the United States Constitution.

17

## FIFTY-SIXTH SEPARATE DEFENSE

103.    BIPI pleads the general issue.

## FIFTY-SEVENTH SEPARATE DEFENSE

104.    Because of the lack of clear standards, any imposition of punitive damages against BIPI is unconstitutionally vague and/or overbroad.

## FIFTH-EIGHTH SEPARATE DEFENSE

105.    No act or omission of BIPI  was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

## FIFTY-NINTH SEPARATE DEFENSE

106.    No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## SIXTIETH SEPARATE DEFENSE

107.    Any award of punitive damages is barred or limited by *Ala. Code* §§  6-11-20 through 6-11-27 (Supp. 2002).

## SIXTY-FIRST SEPARATE DEFENSE

108.    Any claim for punitive damages, on its face and/or as applied in this case, is in violation of Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, BIPI has not been put on notice and

given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b)    The procedures to be followed would permit an award of punitive damages against BIPI upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)    The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against BIPI under present Alabama law;

(e)    The standards of conduct upon which punitive damages are sought against BIPI are vague and ambiguous;

(f)    The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)    The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)    The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)   Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against BIPI;

(m)   Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)   Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(o)   An award of punitive damages would compensate plaintiffs for elements of damage not otherwise recognized by Alabama law.

Moreover, any award of punitive damages in the circumstances of this case would violate BIPI's due process rights as embraced by the due process clause of Article 1, Section 6 and/or 13 and/or 22 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein:

(a)   There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b)   No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)   An award of punitive damages in this case would be penal in nature and thus, would be violative of BIPI's constitutional rights under the United States Constitution and/or the Alabama Constitution unless BIPI is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)   The award of punitive damages on the basis of vicarious liability for the conduct of others violates BIPI's constitutional rights.

In addition, any award of punitive damages in this case would violate BIPI's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

20

## SIXTY-SECOND SEPARATE DEFENSE

109.    Plaintiff's claims for punitive damages are in contravention of BIPI's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution; the Commerce Clause of the United States Constitution; the Contracts Clause of the United States Constitution; and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in the circumstances of this litigation, including, but not limited to:

(a)    imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of BIPI;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive

damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than BIPI's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting BIPI to impermissible multiple punishment for the same alleged wrong.

### SIXTY-THIRD SEPARATE DEFENSE

110.    With respect to any demand by plaintiff for punitive damages, BIPI specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of No. America v. Gore,* 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003).

### SIXTY-FOURTH SEPARATE DEFENSE

111.    To the extent that any demand by plaintiff for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against BIPI, this award contravenes BIPI's right to due process under the Due Process Clause of Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon BIPI's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### SIXTY-FIFTH SEPARATE DEFENSE

112.    The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of indefinable, unlimited liability unrelated to actual loss, if any, caused by

01361940.1

their conduct, creating a chilling effect on the defendants' exercise of the right to a judicial resolution of this dispute.

## SIXTY-SIXTH SEPARATE DEFENSE

113.    To the extent plaintiff has suffered no physical injury, § 6-11-21 of the *Code of Alabama* bars plaintiff's claim for punitive damages insofar as said claim exceeds the greater of three times plaintiff's compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.  To the extent plaintiff does claim that he has suffered physical injury, § 6-11-21 of the *Code of Alabama* bars plaintiff's claim for punitive damages insofar as said claim exceeds the greater of three times plaintiff's compensatory damages or $1,500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

## SIXTY-SEVENTH SEPARATE DEFENSE

114.    Old Code Section 6-11-21 of the *Code of Alabama* bars plaintiff's claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.  The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect.  Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

**WHEREFORE**, having fully answered the allegations of plaintiff's Complaint, BIPI respectfully requests judgment as follows:

1.    That this Court dismiss plaintiff's causes of action against it,

2.    To award BIPI its costs and expenses herein incurred and expended,

3.    And for such other and further relief as this Court deems just and proper.

### JURY DEMAND

BIPI hereby demands a trial by jury on all issues so triable.

Maibeth J. Porter
Alvin L. ("Peck") Fox
Edward A. ("Ted") Hosp

Attorneys for Defendant Boehringer Ingelheim
Pharmaceuticals, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203-2602
Telephone Number:  (205) 254-1000

Beth S. Rose, Esq.
Stuart M. Feinblatt, Esq.
Jennifer Ewers Hurley, Esq.
SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, NJ  07102

01361940.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record to this proceeding by United States Mail, properly addressed and postage prepaid, or as indicated below, this 20th day of July, 2006:

J. Gregory Allen
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160

L. Shane Seaborn
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL 36016-0688

F.M "Tripp" Haston, III
Andrew B. Johnson
Bradley Arant Rose & White LLP
One Federal Place
1819 5th Ave. North
Birmingham, AL 35203

Philip F. Hutcheson
Boardman, Carr, Weed & Hutcheson, P.C.
400 Boardman Dr.
Chelsea, AL 35043-8211

OF COUNSEL

01361940.1